UNITED STATES of America,
Plaintiff–Appellee,

v.

Sylvester Dwayne BYRD,
Defendant–Appellant.

No. 87–5555
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1988.

---

P. Joseph Brake, Asst. Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Le Roy Morgan Jahn, Gregory D. Anderson, Asst. U.S. Attys., San Antonio, Tex., Sara Criscitelli, App. Sect., Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before REAVLEY, CAROLYN DINEEN KING,* and JOLLY, Circuit Judges.

CAROLYN DINEEN KING, Circuit Judge:

Sylvester Dwayne Byrd appeals from an Amended Judgment and Probation/Committment Order entered by the district court. In particular, Byrd challenges the district court's imposition of a six-year term of supervised release to follow the term of imprisonment. As we find that the district court erred in imposing a term of supervised release, we vacate the term of supervised release and remand to the district court for resentencing.

## I.

On March 18, 1987, a federal grand jury, in a single count indictment, charged Sylvester Dwayne Byrd ("Byrd") with "unlawfully, knowingly and intentionally [distributing] a quantity of cocaine, a Schedule II Narcotic Drug Controlled Substance, within one thousand feet of . . . a public second-ary school" in violation of 21 U.S.C. §§ 841(a)(1) and 845a. On April 24, Byrd entered a guilty plea to the charge against him and, on May 26, the district court sentenced Byrd to six years in prison. In a June 22 "Amended Judgment and Probation/Committment Order," the district court noted that Byrd was originally sentenced to a six-year term of imprisonment. The district court then referenced its Order entered on June 11 which provided that the sentence imposed was illegal "because the Anti-Drug Abuse Act of 1986, and its sentencing requirements, require that the Court impose a minimum six (6) year term of mandatory supervised release." Accordingly, the district court amended Byrd's sentence to include a six-year period of supervised release. Byrd filed a timely notice of appeal from the amended sentence, and now argues that this amended sentence was illegal. The sole question before us is whether the district court was authorized to impose a term of supervised release for Byrd's May 26 conviction.

## II.

As of November 1, 1987, district courts must impose a minimum term of supervised release on convicted cocaine distributors such as Byrd. See 21 U.S.C. § 841(b). When the distribution in question occurs within 1,000 feet of a school, the district courts are empowered to double the prison and supervised release terms. See 21 U.S. C. § 845a(a). The question before us, however, is whether the district court was authorized to impose a term of supervised release for an offense committed before November 1, 1987. We must answer that question in the negative.

Prior to 1984, section 841(b) provided for the imposition of a special parole term on a convicted drug distributor.[1] On October 12, 1984, Congress amended § 841(b) by deleting sentences therein referring to the

---

* Formerly Carolyn Dineen Randall.

1. Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, § 401(b), 1970 U.S. Code Cong. & Admin.News (84 Stat.) 1236, 1261–62.

imposition of the special parole term.[2] Initially, the effective date of these deletions was to be November 1, 1986,[3] but Congress later extended the effective date to November 1, 1987.[4] On October 27, 1986, Congress, rather than simply deleting all reference to special parole terms, amended the Controlled Substances Act, of which section 841(b) is a part, "by striking out 'special parole term' each place it appear[ed] and inserting 'term of supervised release' in lieu thereof."[5] Congress made these replacements effective upon the date that 18 U.S.C. § 3583, announcing supervised release standards, became effective.[6] Appropriately, 18 U.S.C. § 3583 became effective November 1, 1987.[7]

The legislative history of the Sentencing Reform Act of 1984 indicates that the changes made were to apply only to offenses "occurring on or after the effective date." Sen.Rep. No. 225, 98th Cong., 2d Sess. 189, *reprinted in* 1984 U.S.Code

Cong. & Admin.News 3182, 3372. The Senate Report states that:

A sentence imposed before the effective date of the guidelines as to an individual imprisoned or on probation or parole on that date would not be affected by this title. As to an offense committed prior to the effective date, the preexisting law will apply as to all substantive matters including the imposable sentence. If a trial occurs or a sentence is imposed on or after the effective date for an offense committed before the effective date, the procedural and administrative provisions of the title will apply except to the extent that such provisions are inconsistent with the preexisting law.

*Id.* Therefore, before November 1, 1987, sections 841(b) and 845a(a) mandated special parole terms for those convicted of distributing drugs within 1,000 feet of a school. After November 1, 1987, those statutes mandated terms of supervised release in accordance with 18 U.S.C. § 3583 in lieu of special parole terms.[8] Byrd was

---

2. Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 224(a), 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1987, 2030.

3. *Id.* § 235(a)(1), 1984 U.S.Code Cong. & Admin. News (98 Stat.) at 2031.

4. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.Code Cong. & Admin.News (99 Stat.) 1728.

5. Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, §§ 1004(a), 1005(a)(2), 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3207, 3207–6.

6. *Id.*

7. Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235, 1984 U.S.Code Cong. & Admin. News (98 Stat.) 1987, 2031, *amended by* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.Code Cong. & Admin. News (99 Stat.) 1728.

8. The government argues that the Anti-Drug Act of 1986 "substantially and immediately changed the penalties for certain drug offenses under Title 21." Specifically, the government maintains that:

The changes were done explicitly to coordinate the drug statute with earlier-enacted changes in the sentencing statute. Accordingly, in certain provisions, most notably those that also required mandatory minimum terms of imprisonment, the statutes were changed immediately to require "supervised release" instead of "special parole." The effective date

for the revisions to Title 21 was October 27, 1986, except for those few provisions that delayed the change from special parole to supervised release until November 1, 1987.

The government's understandable, albeit mistaken, conception is a product of confusing statutory draftsmanship. Title I, Section 1002 of the Anti–Drug Abuse Act of 1986 amended former section 841(b) by, among other things, replacing the special parole term requirement with a term of supervised release. No specific *effective date is mentioned in section 1002.* Title I, Section 1004 of the Anti–Drug Abuse Act of 1986 replaced "special parole term" with "term of supervised release" each place the term appeared in the Controlled Substances Act and the Controlled Substances Import and Export Act. Section 1004 *expressly* ties the effective date of the amendments to the effective date of 18 U.S. C. § 3583, which contains the standards for the imposition of supervised release. The changes made by section 1004 include the relevant change made by section 1002. Moreover, tying the effective date of the change to the effective date of the implementing statute would seem the more logical arrangement. Finally, the legislative history of the Sentencing Reform Act of 1984 clearly demonstrates that Congress intended that the imposition of supervised release be tied to the effective date of the supervised release implementing statute. In short, we are unconvinced that Congress intended to set section 841(b) apart from the comprehensive statutory framework developed to replace special parole terms with supervised release.

indicted for acts occurring before November 1, 1987. The district court, therefore, was not authorized to impose a term of supervised release. As the district court's imposition of supervised release failed to conform to the penalty statute in effect when Byrd committed the offense, it was illegal. *See Llerena v. United States*, 508 F.2d 78, 80 (5th Cir.1975) (citing *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947)). Thus, we find it necessary to vacate the term of supervised release and remand to the district court for resentencing, *see United States v. Denson*, 603 F.2d 1143, 1148 (5th Cir.1979) (en banc), with the understanding that the former law, which mandated a special parole term, applies.

### III.

For the foregoing reasons, we VACATE the term of supervised release and REMAND to the district court for resentencing.