UNITED STATES of America, Plaintiff,

v.

William Lewis ROBINSON, Defendant.

No. 3–87 CR 59(4).

United States District Court,
D. Minnesota,
Third Division.

Oct. 24, 1988.

No appearance for plaintiff.

No appearance for defendant.

## ORDER

ALSOP, Chief Judge.

This matter comes before the court upon defendant Robinson's motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a).

Defendant pled guilty to a violation of 21 U.S.C. § 841(a)(1) which occurred on March 12, 1987, involving approximately two ounces of cocaine. Defendant was sentenced on October 9, 1987 to six (6) years imprisonment plus three (3) years of supervised release. Defendant contends that supervised release is not available as a penalty

for a violation of 21 U.S.C. § 841(a)(1) which occurred before November 1, 1987, and therefore, his sentence is illegal.

21 U.S.C. § 841 was amended on October 12, 1984, to create enhanced penalties for more serious drug offenses. Sections 841(b)(1)(A) and (b)(1)(B) were renamed (b)(1)(B) and (b)(1)(C), respectively. The new § 841(b)(1)(A) described, in part, quantities of drugs in excess of 100 grams of cocaine or one kilogram of any other Schedule I or II narcotic drug. Prior to amendment, all penalty provisions of § 841(b)(1) imposed a special parole term of post-confinement supervision. Section 841(b)(1)(A) increased sentencing and fine authority but omitted a post-confinement supervision term. Controlled Substances Penalties Amendments Act of 1984. Pub.L. No. 98–473.

On October 27, 1986, the Anti–Drug Abuse Act was signed into law by the President. It further amended § 841 by subdividing the former § 841(b)(1)(A) into extra large [§ 841(b)(1)(A)] and large [§ 841(b)(1)(B)] quantities and renaming (b)(1)(B) as (b)(1)(C) and (b)(1)(C) as (b)(1)(D). In the amended version, post-confinement supervision is changed from a special parole term to a term of supervised release. All penalties under § 841(b)(1) include a mandatory supervised release. The implementation of the amendment relating to supervised release was tied to the effective date of the Sentencing Reform Act, 18 U.S.C. § 3583, which was November 1, 1987. Act October 27, 1986, P.L. 99-570, Title I, Subtitle A, § 1004(b), 100 Stat. 3207–6.

Three Circuit Courts of Appeal have held that defendants in Robinson's position cannot be given supervised release and must be given special parole terms. In *United States v. Byrd*, 837 F.2d 179 (5th Cir.1988), the court reasoned that because § 1004 *expressly* tied the replacement of special parole terms with terms of supervised release to the effective date of the 18 U.S.C. § 3583, the Sentencing Reform Act, that the district court had no authority to impose a term of supervised release for offenses before November 1, 1987. Instead,

special parole terms are mandated by the former law. *Byrd*, at 182. The Eleventh Circuit cited *Byrd* with approval and followed it in *United States v. Smith*, 840 F.2d 886 (11th Cir.1988). In *Whitehead*, the Fourth Circuit vacated terms of supervised release and remanded the case to the district court for imposition of special parole terms. *United States v. Whitehead*, 849 F.2d 849 (4th Cir.1988).

Accordingly, based on the decisions and reasoning of the above cited cases, Robinson's term of supervised release should be vacated and replaced by a special parole term.

Defendant Robinson further alleges that his crime, possession with intent to distribute, falls under the penalty provisions of 21 U.S.C. § 841(b)(1)(A) as of March 12, 1987. Were this true, there would be no supervised release available based on the above discussion, and no special parole term for the court to fall back on due to the government's drafting error in the Controlled Substances Penalties Amendments Act of 1984. *Ramos v. United States*, 697 F.Supp. 1505 (D.Minn.1988.)

However, Robinson was sentenced for two ounces or 82 grams of cocaine hydrochloride. That amount falls under § 841(b)(1)(B) which does call for a special parole term. In order to be eligible for § 841(b)(1)(A), the amount would have to be in excess of one hundred grams.

Based on the above discussion, the record as presently constituted and all files contained herein,

IT IS ORDERED That:

1. Defendant's term of supervised release be, and the same hereby is, vacated.

2. Defendant is sentenced to the custody of the Attorney General for imprisonment for six (6) years plus a special parole term of three (3) years.