**UNITED STATES of America**

v.

**Carlos A. CHICA.**

**Crim. No. 87–042 L.**

United States District Court,
D. Rhode Island.

March 8, 1989.

James H. Leavey, Asst. U.S. Atty., Providence, R.I., for U.S.

Carlos A. Chica, pro se.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

When defendant was arrested on July 11, 1987 federal agents found a package containing 1,001 grams of cocaine in his automobile. He was later indicted for the offense of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(b)(1)(B).

On October 8, 1987 defendant pleaded guilty to the above charge. On November 11, 1987 this Court sentenced the defendant to eight (8) years imprisonment and a fifteen (15) year term of supervised release following his departure from prison. Two (2) other drug charges were dismissed.

Defendant now moves pursuant to 28 U.S.C. § 2255 to correct an alleged illegal sentence. Specifically, defendant contends that the Court was without authority at the time of sentencing to impose a term of supervised release but rather could only have imposed a special parole term.

The difference between a term of supervised release and a special parole term is that the former is administered by court probation personnel after incarceration is completed, while the latter is administered by the Parole Commission.

Defendant was sentenced under Title 21 U.S.C. § 841(b)(1)(B) which was enacted as part of the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207. It became effective on October 27, 1986 and clearly was applicable to this defendant and to the offense involved. That statute provides for a mandatory minimum of at least five (5) years imprisonment and:

> Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a *term of supervised release* of at least 4 years in addition to such term of imprisonment....

*Id.* (emphasis added). The language of the statute could not be more explicit. Congress mandated the imposition of, at least, a four (4) year term of supervised release on someone who had no prior drug convictions; eight (8) years if there was a prior conviction, with no cap thereon.

Defendant relies on *United States v. Smith*, 840 F.2d 886 (11th Cir.1988). Despite the clear wording of the statute and in spite of the fact that the statute became effective on October 27, 1986, the Court in *Smith* held that Congress did not intend to have a term of supervised release imposed for offenses committed prior to November 1, 1987. This Court respectfully disagrees with that decision. It is to be noted that all the other cases cited by defendant, *United States v. Byrd*, 837 F.2d 179 (5th Cir.1988); *United States v. Fernandez–Dilone*, 668 F.Supp. 245 (S.D.N.Y.1987); and *United States v. Phungphiphadhana*, 640 F.Supp. 88 (D.Nev.1986) are inapposite.

Although the *Byrd* case was relied on by the court in *Smith* to support its holding, that case did not decide the issue presented here. In *Byrd*, the Fifth Circuit held that a special parole term was mandated for violation of 21 U.S.C. §§ 841(a)(1) and 845a (drug distribution within 1000 feet of a school) for an offense committed on October 31, 1986. That holding was clearly correct because the statutes there involved expressly mandated imposition of a special parole term until the Sentencing Reform Act of 1984 was to take effect on November 1, 1987. Here, at the time the crime was committed, the statute involved, 21 U.S.C. § 841(b)(1)(B) expressly required the imposition of a term of supervised release.

The Fifth Circuit in *Byrd* opined by way of dictum that the "more logical arrangement" was for Congress to mandate a term of supervised release only commencing on November 1, 1987. That is not necessarily so. Congress was familiar with both post-imprisonment supervision methods. For example, the same statute, 21 U.S.C. § 841(b)(1)(D) provides for the imposition of a special parole term and not a term of supervised release in certain marijuana cases. A possible explanation for what Congress did within the same statute (21 U.S.C. § 841(b)) is that it wanted the courts, not the Parole Commission, to have

supervision over post-imprisonment release of major drug dealers but not marijuana violators. It is true that under the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 et seq. which became effective on November 1, 1987, all special parole terms have become terms of supervised release because the Parole Commission will go out of existence on November 1, 1992.

It is probable that Congress put supervised release language in 841(b)(1)(B) because it also provided that a person sentenced under that statute would not be eligible for parole and wanted it to dove-tail neatly into the Sentencing Reform Act system when it took effect. Besides, it makes little sense to have the Parole Commission supervise a person after incarceration who was not eligible for parole in the first place.

In any event, this Court chooses to follow the clear wording of the statute. Congress has expressed itself precisely and unequivocally. Therefore, a fifteen (15) year term of supervised release was properly imposed in this case and it should not be converted into a special parole term by resentencing.

Furthermore, the above discussion with respect to this defendant is really academic. He is serving an eight (8) year term of imprisonment without parole eligibility and will not be released until after November 1, 1992. Even if the Court were to convert the term of supervised release into a special parole term at this time, it will again become a term of supervised release on November 1, 1992 when the Parole Commission goes out of existence.

For the reasons expressed above, defendant's motion to correct sentence is denied.

It is so Ordered.