UNITED STATES of America, Appellee,

v.

Telesforo PORTILLO, Appellant.

No. 88–1766.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1988.

Decided Dec. 12, 1988.

Rehearing and Rehearing En Banc
Denied March 8, 1989.

Henry J. Watson, Kansas City, Mo., for appellant.

Peter M. Ossorio, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

PER CURIAM.

Telesforo Portillo appeals the district court's [1] denial of his Rule 35 motion to set aside his sentence. We affirm in part and reverse and remand in part.

## I. BACKGROUND

On September 11, 1987, Portillo pleaded guilty to one count of knowingly and intentionally distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The offense involved 500 grams or more of cocaine and occurred on July 2, 1987. On November 6, 1987, the district court, pursuant to section 841(b)(1)(B), sentenced Portillo to ten years imprisonment, to be followed by four years of mandatory supervised release, and imposed a $50.00 special assessment.

The court denied Portillo's subsequent Rule 35 motion to reduce his sentence, finding that the sentence was not harsher than intended. Portillo then filed a Rule 35 motion to set aside his sentence on the ground that the court lacked authority to sentence him under a version of 21 U.S.C. § 841(b)(1)(B) which, he argued, became effective on November 1, 1987. The court adopted the government's argument that the effective date of the relevant amendment was October 27, 1986, and denied the motion. This appeal followed. Portillo challenges the legality of both the ten-year prison term and the four-year term of supervised release.

1. The Honorable John W. Oliver, Senior District Judge for the Western District of Missouri.

**26**

## II. DISCUSSION

In *United States v. Byrd*, 837 F.2d 179 (5th Cir.1988), the Fifth Circuit examined the history of 21 U.S.C. § 841(b). The court noted that although prior to 1984 this section required the imposition of a special parole term for a convicted drug distributor, the Sentencing Reform Act of 1984 amended the section by deleting the language referring to special paroles. *Id.* at 180–81. The deletions were to be effective November 1, 1987. *Id.* at 181. The court further noted that on October 27, 1986, before the deletions could take effect, sections 1005(a)(2) and 1004 of the Anti–Drug Abuse Act of 1986 (1986 Act), Pub.L. No. 99–570, 100 Stat. 3207–2, 3207–6, again amended section 841(b) by striking the deletions and, effective November 1, 1987, replacing the reinstated phrase "special parole term" wherever it appeared with the phrase "term of supervised release." *Id.* at 181.[2]

The 1986 Act, however, also created in section 1002(2) a new section 841(b)(1)(B), which mandated a term of supervised release; no effective date was mentioned in that section. 100 Stat. at 3207–2 to 3207–4.

█ In *Byrd*, the Fifth Circuit rejected "[t]he government's understandable, albeit mistaken, conception" that the mandated supervised release provided by section 1002 was immediately effective. 837 F.2d at 181 n. 8. The court reasoned that the "more logical arrangement," and the one Congress intended, was "that the imposition of supervised release be tied to the [November 1, 1987] effective date of the supervised release implementing statute." *Id.* Consequently, the court held that a term of supervised release imposed under section 841(b) for a crime committed prior to November 1, 1987, is illegal, and that a special parole term must be imposed instead. *Id.*

at 182. *Accord United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir.1988), *petition for cert. filed on other grounds; United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988).

We adopt the reasoning of *Byrd*. Accordingly, Portillo's term of supervised release must be vacated and a special parole term of at least three years must be imposed pursuant to 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984).

Portillo also argues that his ten-year prison term is illegal because at the time of his July 1987 offense the penalty provisions of the applicable section 841(b)(1)(B) allowed a maximum term of five years. This ex post facto argument erroneously assumes that the pre–1984 version of section 841(b)(1)(B), which called for a maximum five-year prison term, would apply to Portillo's offense. *See* 21 U.S.C. § 841(b)(1)(B) (1982). In 1984, however, subparagraphs (A) and (B) of section 841(b)(1) were redesignated (B) and (C), respectively, resulting in a "new" subparagraph (B) which provided for a maximum fifteen-year penalty. Controlled Substances Penalties Amendments Act of 1984, Pub.L. No. 98–473, 98 Stat. 2068, § 502; 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984). That change became effective on October 12, 1984. *United States v. Meyers*, 847 F.2d 1408, 1414 (9th Cir.1988).

As previously noted, without expressly designating an effective date, section 1002(2) of the 1986 Act enacted a new version of subparagraph (B) which, in addition to mandating a term of supervised release, increased the pertinent penalty provision to a prison term of not less than five nor more than forty years. 100 Stat. at 3207–3; 21 U.S.C. § 841(b)(1)(B) (Supp. IV 1986). Under section 1004(b) of the 1986 Act, "[t]he amendments made by *this*

2. Section 1004(b) provided that "[t]he amendments made by this section shall take effect on the date of the taking effect of" 18 U.S.C. § 3583. The *Byrd* court observed that "18 U.S.C. § 3583, announcing supervised release standards, became effective * * * November 1, 1987." 837 F.2d at 181 (footnotes omitted).

In *United States v. McDaniel*, 844 F.2d 535, 536 n. 3 (8th Cir.1988), this court noted that,

effective November 1, 1987, "all special parole terms have been deleted from the drug laws"; the footnote failed to add that "special parole" had been replaced with "supervised release" by section 1004(a) of the 1986 Act. The changes made by the 1986 Act were not relevant in that case, however, because McDaniel's offense occurred in 1985.

*section* [took] effect on [November 1, 1987]" (emphasis added). 100 Stat. at 3207–6. It has been argued that "this section" does not refer only to section 1004 (which replaced special parole with supervised release), but is used in a broader sense to cover the entire subtitle, including the penalty provisions of section 1002. *See, e.g., Meyers,* 847 F.2d at 1415. However, at least three circuits have deemed the 1986 Act's increased penalty provisions (as opposed to the supervised release provisions) effective on the date of enactment, October 27, 1986; the Ninth Circuit expressly so held in *Meyers, id.,* while the Fourth and Eleventh Circuits implicitly agreed by approving the prison sentences imposed in *Whitehead* and *Smith.*

■ We need not decide the effective date of the increased penalty provisions of the 1986 Act, for Portillo's ten-year sentence is within the range provided in section 841(b)(1)(B) either before or after the 1986 Act increased the penalty.

## III. CONCLUSION

That portion of the district court's order which denied Portillo's challenge to his ten-year sentence is affirmed. That portion of the order which denied Portillo's challenge to the four-year period of supervised release is reversed, and the case is remanded to the district court with directions to vacate the supervised release portion of the sentence and to impose a special parole term pursuant to 21 U.S.C. § 841(b)(1)(B) (Supp. II 1984).