**Manuel BELTRE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 89 Civ. 1762 (JMC).

United States District Court, S.D. New York.

July 13, 1989.

Manuel Beltre, pro se.

Benito Romano, U.S. Atty., S.D.N.Y., New York City, for the U.S.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Petitioner's motion to vacate, set aside or correct the sentence imposed against him, made pursuant to 28 U.S.C. § 2255, is granted in part and denied in part.

### BACKGROUND

Petitioner Manuel Beltre was indicted on April 1, 1987, along with Alfonso Garcia, Freddy Garcia and Gerson Ferrer for allegedly attempting to sell, on March 19, 1987, two kilograms of cocaine to two confidential informants working for the Drug Enforcement Administration. Petitioner was charged with one count of each of the following: (1) conspiracy to distribute and possess with intent to distribute two kilograms of cocaine in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute two kilograms of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

On June 30, 1987, following a jury trial, petitioner was convicted of both counts. On September 21, 1987, petitioner was sentenced to two concurrent terms of five years' imprisonment, the mandatory assessment of $50 on each count, and a four year term of supervised release to commence upon the completion of his confinement. The United States Court of Appeals for the Second Circuit affirmed petitioner's conviction on May 19, 1988. Petitioner is currently incarcerated in Sandstone, Minnesota.

Petitioner now moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct the sentence imposed against him. Petitioner challenges the imposition of a five year sentence *without parole* under the enhanced penalty provisions of the Narcotics Penalties and Enforcement Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207, 3207–2 to 3207–8 (1986) [the "1986 Act"]. Petitioner argues that he was incorrectly sentenced under the 1986 Act as the amendments to the penalty provisions contained in that act did not become effective until November 1, 1987. Petitioner contends, therefore, that he was arrested and indicted prior to the

enactment of the statutory provisions under which he was sentenced. In addition, petitioner contends that he was improperly sentenced to a term of supervised release.

## DISCUSSION

### I. *No Parole Provision of the 1986 Act.*

■ Section 841(a)(1) of Title 21 of the United States Code proscribes the distribution of cocaine or the possession of cocaine with intent to distribute. Violation of this section subjects the offender to the penalties authorized in 21 U.S.C. § 841(b). Prior to 1984, the penalty provisions of section 841 provided for a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. *See* Comprehensive Drug Abuse and Prevention and Control Act of 1970, Pub.L. No. 91–513, 84 Stat. 1236 (1970) [the "1970 Act"]. In 1984, Congress amended the penalty provisions of section 841 to provide for a term of imprisonment of not more than 20 years, a fine of not more than $250,000, or both. *See* Controlled Substances Penalties Amendments Act, Pub.L. No. 98–473, 98 Stat. 2030 (1984) [the "1984 Act"].

In 1986, Congress again amended the penalty provisions of section 841 to provide for a term of imprisonment of not less than 5 years and not more than 40 years, a fine not to exceed $2,000,000, or both. Offenders sentenced under this provision were not entitled to parole. Petitioner argues that he should not be subject to the no parole provision of the 1986 amendments as those amendments did not become effective immediately upon the signature of the President on October 27, 1986, but rather, were tied to certain provisions of the 1986 Act delaying the effective date to November 1, 1987.

Specifically, petitioner relies on section 1004 of the 1986 Act which provides that:

(a) The Controlled Substances Act and the Controlled Substances Import and Export Act are amended by striking out "special parole term" each place it appears and inserting "term of supervised release" in lieu thereof.

(b) The amendments made by this section shall take effect on the date of the taking of effect of section 3583 of title 18, United States Code.

The courts that have addressed this issue, however, have uniformly determined that the reference to "this section" in the above quotation refers only to section 1004 which amended the 1984 Act by striking the term "special parole" wherever it appeared and inserting the term "supervised release." These courts, therefore, have found that the enhanced penalty provisions of the 1986 Act became effective immediately on October 27, 1986. *See United States v. Levy*, 865 F.2d 551, 559 n. 4 (3d Cir.1989); *United States v. Meyers*, 847 F.2d 1408, 1416 (9th Cir.1988). At least two other circuits, by approving the sentences imposed by the district court, have implicitly agreed. *See United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988); *United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988). The Court concurs.

The 1986 Act is silent as to a delayed effective date for the amendments to the enhanced penalty provisions of section 841. Under general principles of statutory construction, "[i]n the absence of an express provision in the statute itself, an act takes effect on the date of its enactment." *United States v. Shaffer*, 789 F.2d 682, 686 (9th Cir.1986) (citing cases). The Court finds, therefore, that the enhanced penalty provisions of the 1986 Act took effect on October 27, 1986, over four months prior to the acts of which petitioner was accused, tried and convicted.

Petitioner also argues that section 235 of the Sentencing Reform Act of 1984 operated to delay the effective date of the 1986 amendments to the penalty provisions of section 841(b). Section 235 of the Sentencing Reform Act was enacted in Chapter II of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (1984). Section 235 provides that "[t]his chapter shall take effect on the first day of

the first calendar month beginning twenty-four months after the date of enactment." Congress subsequently extended the effective date by 12 months.

The 1984 amendments to the penalty provisions of 21 U.S.C. § 841, however, fall within an entirely different chapter, Chapter V of the Comprehensive Crime Control Act of 1984.... Consequently, [petitioner] errs when he contends the effective date set out in Chapter II of the Sentencing Reform Act controls the application of the amendments set forth in Chapter V of the Controlled Substances Penalties Amendments Act of 1984.

*Meyers,* 847 F.2d at 1416. The increased penalties of the 1984 Act became effective immediately on October 12, 1984. *See id.; see also United States v. Robinson,* 865 F.2d 171 (8th Cir.1989) (per curiam). "Given that the 1984 amendments to the penalty provisions were not tied to the effective date of the Sentencing Reform Act, there is little reason to find that the 1986 amendments were so tied." *Meyers,* 847 F.2d at 1416. Accordingly, petitioner was correctly sentenced under the 1986 Act and is subject to the no parole provisions contained therein.

II. *Supervised Release.*

■ Petitioner contends that the imposition of a term of supervised release was illegal because the supervised release provisions did not become effective until November 1, 1987. The Court agrees.

Prior to 1984, 21 U.S.C. § 841(b) required the imposition of a term of special parole on a convicted drug distributor. *See* 1970 Act. On October 10, 1984, Congress amended section 841(b) by deleting the language referring to special parole. *See* Sentencing Reform Act, § 224(a). Initially, the effective date of these deletions was to be November 1, 1986, *see id.,* § 235(a)(1), but Congress later extended the effective date to November 1, 1987. *See* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, 99 Stat. 1728 (1985). On October 27, 1986, before the deletions could take effect, Congress amended the 1984 Act, of which § 841(b) is a part, by striking the deletions and replacing the phrase "special

parole term" wherever it appeared with the phrase "term of supervised release." *See* 1986 Act, §§ 1004(a) and 1005(a)(2). As discussed *supra,* these changes were made effective upon the date 18 U.S.C. § 3583 became effective. 18 U.S.C. § 3583 became effective on November 1, 1987.

The 1986 Act, however, also specifically amended section 841(b) by creating a new section 841(b)(1)(B) which mandated a term of supervised release. No effective date was provided for in that section. As the Government concedes, *see* Memorandum in Opposition at 10, 89 Civ. 1762 (JMC) (S.D. N.Y. May 30, 1989), Congress intended "that the imposition of supervised release be tied to the [November 1, 1987] effective date of the supervised release implementing statute [section 1004]." *United States v. Byrd,* 837 F.2d 179, 181 n. 8 (5th Cir. 1988). Thus, terms of supervised release may not be imposed for offenses committed prior to November 1, 1987.

Courts that have improperly imposed terms of supervised release for offenses committed prior to November 1, 1987 have, however, simply corrected such sentences to substitute special parole for supervised release. *See United States v. Portillo,* 863 F.2d 25, 26 (8th Cir.1988); *United States v. Molina–Uribe,* 853 F.2d 1193, 1198 (5th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989); *Whitehead,* 849 F.2d at 860; *Smith,* 840 F.2d at 890; *Byrd,* 837 F.2d at 182; *United States v. Robinson,* 697 F.Supp. 1506, 1507 (D.Minn.1988). Accordingly, petitioner's term of supervised release is vacated and a special parole term of three years is ordered.

CONCLUSION

Petitioner's motion to vacate, set aside or correct the sentence imposed against him, made pursuant to 28 U.S.C. § 2255, is granted in part and denied in part. Petitioner's term of supervised release is vacated. Petitioner is hereby sentenced to a three-year term of special parole to commence upon the completion of his confine-

ment. In all other respects the instant petition is dismissed.

SO ORDERED.