**UNITED STATES of America**

v.

**John H. AZULAY.**

**UNITED STATES of America**

v.

**Martin A. CHUTJIAN.**

**Crim. Nos. 87–0155–01–Z, 88–0032–Z.**

United States District Court,
D. Massachusetts.

Aug. 31, 1989.

---

**378**

Susan Crockin, Federal Defender's Office, Boston, Mass., for defendants.

Deborah Ramirez, U.S. Atty., for U.S.

### MEMORANDUM OF DECISION

ZOBEL, District Judge.

In 1987, defendants were indicted for their activities related to the distribution of cocaine. Azulay pled guilty to all four counts of an indictment alleging conspiracy, aiding and abetting, and distributing both a quantity of cocaine and more than 500 grams of a substance containing cocaine. Chutjian pled to the three counts in which he was named in the same indictment. Defendants were sentenced to terms of imprisonment to be followed by periods of supervised release under the penalty provisions of 21 U.S.C. § 841(b). Later, the United States Attorney advised defendants and the Court that the term of the grand jury had expired before the indictment against defendants was returned. Azulay waived his right to have his conviction and sentence voided but Chutjian's conviction and sentence were vacated. Thereafter, the government sought and obtained a new indictment and Chutjian then pled to three counts that were identical to those against him in the original indictment. I again imposed a term of imprisonment and supervised release. Both defendants have now moved to correct their sentences under Fed.R.Crim.P. 35(a) as applicable to offenses committed before November 1, 1987, asserting that the statutes under which they were convicted did not permit the imposition of supervised release time. In addition, Chutjian claims that he should be resentenced because, he asserts, this Court was under the misperception that a five-year prison sentence was man-

datory on Count 3, which charged distribution of more than 500 grams of cocaine.

Defendants committed their offenses in January and February, 1987, and thus were subject to sentencing under the amendments to section 841 enacted in the Anti-Drug Abuse Act of 1986, Pub.L. No. 99–570, § 1002, 100 Stat. 3207–2 to 3207–4 (1986) ("the Act"). Those amendments specifically state that a term of supervised release shall follow imprisonment for those sentenced under subsections (b)(1)(A) and (b)(1)(B) of section 841. However, section 1004 of the Act states that the periods of special parole provided for in the Controlled Substances Act (of which 21 U.S.C. § 841 is a part) would be replaced with periods of supervised release upon the effective date of 18 U.S.C. § 3583, the section that contains the standards for imposing supervised release. Congress eventually set the effective date for section 3583 as November 1, 1987. Several courts have concluded that Congress meant to delay the imposition of supervised release even for those sentenced under the 1986 amendments to section 841. *United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988); *United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988); *United States v. Byrd*, 837 F.2d 179, 181–82 (5th Cir.1988). I agree with the analysis in those opinions, because it would be illogical to impose terms of supervised release beginning in 1986 when the standards for doing so would not be effective until 1987. *But see United States v. Chica*, 707 F.Supp. 84 (D.R.I.1989).

Even though defendants were not subject to terms of supervised release, terms of special parole were authorized. Chutjian argues that the offenses he committed in early 1987 are covered by the 1984 amendments to the Controlled Substances Act, which did not contain any provision for special parole or supervised release.[1] But the cases defendant Chutjian cites, *United States v. Santamaria*, 788 F.2d 824 (1st

---

1. Azulay does not raise this issue but its resolution governs his case as well.

Cir.1986), and *United States v. Phungphi-phadhana,* 640 F.Supp. 88 (D.Nev.1986), both involve offenses committed before the 1986 amendments to section 841 took effect and are therefore inapposite. Because Chutjian committed his offenses after the 1986 amendments became effective, he is subject to the penalties provided therein, except of course that he would receive a term of special parole rather than supervised release.

Chutjian also requests that this Court reconsider the prison term imposed for distributing more than 500 grams of cocaine. He believes that the ambiguity in the statute, *see United States v. Chutjian,* 879 F.2d 853 (1st Cir.1989) (per curiam), led this Court to believe that it could not choose to fine defendant rather than impose the mandatory prison sentence required under section 841(b)(1)(B). Given the facts and circumstances of his case, I decline to reconsider the sentence already imposed.

Therefore, that portion of each defendant's sentence imposing a term of supervised release is vacated. An amended judgment will issue substituting a term of special parole of identical length.[2]

---

**2.** Special parole is distinguished from supervised release by the different authorities charged with monitoring a defendant following conviction. Under special parole, the Parole Commission is charged with this responsibility, while the Court monitors a defendant on supervised release. Thus, the change in sentence is "a distinction without difference." *United States v. Molina–Uribe,* 853 F.2d 1193, 1198 (5th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989).