900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James William DICKERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5927.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 James William Dickerson, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dickerson was charged in a fifteen count indictment with conspiracy and fourteen substantive counts of possession and distribution of cocaine. Pursuant to a plea agreement, Dickerson pleaded guilty to count nine which charged that on July 15, 1987, Dickerson aided and abetted the distribution of one-quarter ounce of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The government also agreed to dismiss the remaining counts of the indictment and recommend a fifteen year sentencing cap. Dickerson was ultimately sentenced to twelve years imprisonment, followed by a three year term of supervised release and imposition of a $50.00 special assessment.
 
 
 3
 Dickerson did not pursue a direct appeal, but he later filed the instant motion essentially complaining that his plea was involuntary because he was entitled to be sentenced under the sentencing guidelines of the Sentencing Reform Act, 18 U.S.C. Sec. 3551 et seq., because the conspiracy count listed overt acts occurring from January 7, 1987 through January 31, 1988. Dickerson also wanted to reserve the right to argue other issues in a later Sec. 2255 motion. The district court denied the motion, finding that Dickerson was not entitled to sentencing under the guidelines because he pleaded guilty to an offense which occurred prior to November 1, 1987, the effective date of the Sentencing Reform Act. The court also noted that successive petitions were not allowed under Rule 9 of the Rules governing Sec. 2255 proceedings.
 
 
 4
 On appeal, Dickerson reasserts his claims, requests the appointment of counsel, and additionally argues that the district court illegally sentenced him to three years of supervised release. Petitioner also argued that he received ineffective assistance of counsel.
 
 
 5
 Upon review, we deny the request for the appointment of counsel, affirm the district court's judgment in part, and vacate and remand the district court's judgment in part.
 
 
 6
 We affirm the judgment to the extent it rejected Dickerson's argument that he should have been sentenced under the Sentencing Reform Act. Dickerson was not entitled to be sentenced under the guidelines because he pleaded guilty to an offense which occurred prior to November 1, 1987, the effective date of the Sentencing Reform Act. The remaining counts of the indictment, including the conspiracy count, were dismissed. Thus, it was irrelevant that some of the overt acts listed in the conspiracy count occurred after November 1, 1987, because Dickerson did not plead guilty to conspiracy.
 
 
 7
 We must, however, vacate the judgment in part and remand the case because the three year term of supervised release was illegally imposed. Although the issue was not first presented to the district court, we will address it on appeal because the issue presents exceptional circumstances. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987). The supervised release provisions of the Sentencing Reform Act did not become effective until November 1, 1987. See United States v. Whitehead, 849 F.2d 849, 860 (4th Cir.), cert. denied, 109 S.Ct. 534 (1988); United States v. Smith, 840 F.2d 886, 889-90 (11th Cir.), cert. denied, 109 S.Ct. 154 (1988); United States v. Byrd, 837 F.2d 179, 180-82 (5th Cir.1988). Thus, the district court should have imposed a special parole term under 21 U.S.C. Sec. 841(b)(1)(A) because Dickerson pleaded guilty to an offense which occurred prior to November 1, 1987. Therefore, Dickerson's term of supervised release must be vacated and the case remanded for imposition of a special parole term under 21 U.S.C. Sec. 841(b).
 
 
 8
 Finally, we do not address Dickerson's ineffective assistance of counsel claim because it was not first presented in the district court and it does not present exceptional circumstances. See Chandler, 813 F.2d at 777.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed in part pursuant to Rule 9(b)(5), Rules of the Sixth Circuit; and the judgment is also vacated and remanded in part for further proceedings consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.