**UNITED STATES of America, Plaintiff,**

v.

**Larry BARRY, Defendant.**

**No. 87 CR 820.**

United States District Court,
N.D., Illinois, E.D.

May 11, 1990.

William R. Hogan, Jr., Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Larry Barry, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Larry Barry ("Barry") has just filed a Fed.R.Crim.P. ("Rule") 35(a) motion for the correction of what he characterizes as an illegal sentence imposed on him by this Court September 7, 1988.[1] For the reasons stated in this memorandum opinion and order, Barry's motion (considered as a motion to *correct* and not simply to *vacate* the challenged portion of his sentence) is granted.[2]

Barry's sentencing was predicated on his plea of guilty to two counts of the Indictment: Count One charging a 21 U.S.C.

---

1. Barry's motion refers to November 21, 1988 as the date on which he was sentenced. Though he is mistaken in that respect, it makes no difference in terms of the substantive law dealt with in this opinion.

2. As the later text discussion reflects, Barry's offenses of conviction were committed in October 1987. That being the case, the version of Rule 35(a) applicable to offenses committed before November 1, 1987 controls. That provision

§ 846[3] narcotics conspiracy and Count Four charging the distribution of cocaine in violation of Section 841(a)(1). This Court imposed the following sentence:

1. On Count Four, Barry was committed to a term of four years in the custody of the Attorney General, with the custodial portion of that sentence to be followed by a five-year supervised release term.

2. On Count One, imposition of sentence was suspended and a five-year probationary period was imposed, to run consecutively to the time spent in custody on Count Four and concurrently with the supervised release term on Count Four.

Though Barry was at all times represented by highly competent counsel, neither his lawyer nor the experienced Assistant United States Attorney nor this Court (which of course bears the ultimate responsibility in all events) caught the error now pointed out in Barry's motion. What is involved here was the product of a mistake on the part of Congress during the period after the changes imposed by the Sentencing Reform Act of 1984 had been adopted but before those changes took effect:

1. Under that 1984 statute (Pub.L. No. 98–473, § 224(a), 1984 U.S.Code Cong. & Admin.News (98 Stat.) 1987, 2030) Congress amended Section 841(b) by deleting the sentences in that provision referring to the imposition of special parole terms in conjunction with custodial offenses under that statute. That change was initially scheduled to take effect November 1, 1986 (*id.* § 235(a)(1), 1984 U.S.Code Cong. & Admin.News (98 Stat.) at 2031).

2. By the Sentencing Reform Amendments Act of 1985 (Pub.L. No. 99–217, § 4, 1985 U.S.Code Cong. & Admin.News (99 Stat.) 1728) Congress extended the effective date of the changes to November 1, 1987.

3. On October 27, 1986 Congress changed that proposed statutory restructuring by providing that the prior references to special parole terms would not simply be deleted but would instead be eliminated by substituting the language "term of supervised release" for "special parole term" every place it appeared in the statutes—thus including Section 841(b) (Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, §§ 1004(a), 1005(a)(2), 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3207, 3207–6).

There is room for argument as to whether that last amendment took effect on its October 27, 1986 enactment date or was instead implicitly tied into the November 1, 1987 effective date of 18 U.S.C. § 3583, which would first announce the standards for supervised release (see *United States v. Byrd*, 837 F.2d 179, 181 & n. 8 (5th Cir.1988) and *United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.1988)). But this Court agrees with both *Byrd* and *Smith* "that the 'more logical arrangement' would be to tie the effective date of use of supervised release to the effective date of the implementing statute (i.e., November 1, 1987)" (*Smith, id.* and *Byrd,* 837 F.2d at 181 n. 8). And whatever the legal distinction and consequences may be in terms of the administration of a special parole term as contrasted with a supervised release term, Barry—whose offenses were committed in October 1987 and who therefore had to be sentenced in compliance with all aspects of the law applicable to pre-November 1, 1987 criminal violations—is entitled to invoke those.

Accordingly this Court (1) grants Barry leave to file his Rule 35(a) motion in forma pauperis and (2) substitutes a five-year special parole term for the supervised release term that was erroneously imposed as to Count Four. Like the now vacated supervised release term, that special parole term shall take effect upon Barry's completion of the custodial portion of his sentence under Count Four. In all other respects Barry's sentence remains in full force and effect.

---

says "[t]he court may correct an illegal sentence at any time...."

**3.** All further citations to Title 21's provisions will take the form "Section—."