**Adewale PETERS, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 88 CV 2917.**

United States District Court, E.D. New York.

June 26, 1990.

Adewale Peters, pro se.

Leslie R. Caldwell, Asst. U.S. Atty., New York City (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Mamaroneck, N.Y.), for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner, *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate an illegal sentence. For the reasons discussed below, the motion is granted in part and denied in part.

### FACTS

On September 30, 1987 petitioner pled guilty to a one-count superseding criminal information charging him with importing more than one hundred grams of heroin. 21 U.S.C. §§ 952(a), 960(b)(2)(A). On November 10, 1987, petitioner was sentenced to a five-year term of imprisonment, to be followed by four years supervised release.

Petitioner now moves to vacate his sentence, arguing that (1) the statutory penalty section, 960(b)(2)(A) of the Anti–Drug Abuse Act of 1986 (the "Act"), is unconstitutionally vague; and (2) because his criminal conduct predates the effective date of the 1986 Act, the sentence imposed under the Act's penalty provisions violates the *ex post facto clause* of the Constitution.

### DISCUSSION

#### I. VAGUENESS

Petitioner first claims that § 960(b)(2)(A) is unconstitutionally vague, permitting a court to impose three possible alternatives in sentencing: (1) a minimum five-year term of imprisonment, or (2) a fine *in lieu of imprisonment*, or (3) both.[1] In *United States v. Musser*, 856 F.2d 1484 (11th Cir.), *cert. denied,* — U.S. —, 109

---

1. § 960(b)(2)(A) provides in relevant part that "the person ... shall be sentenced to a term of imprisonment of not less than 5 years ... a fine not to exceed ... $2,000,000 ... or both."

S.Ct. 1145, 103 L.Ed.2d 205 (1989), the Eleventh Circuit confronted the very same vagueness issue and concluded that the purpose of the penalty provisions was still evident even though the statutory language may lack a sense of precision. Consequently, "[c]ontruing the subsection as a whole, it is clear that a mandatory term of imprisonment is required." *Id.* at 1486.[2]

## II.  EX POST FACTO

█ Petitioner's second claim to set aside his sentence as illegal concerns the effective date of the Act. Petitioner argues that the enhanced penalty provisions of the Act did not become effective until November 1, 1987. Because, according to the argument, the criminal conduct in this case ended prior to that date, applying the Act's penalties would present a fatal *ex post facto* problem. Petitioner's argument on this point, however, is largely misdirected.

█ The Act became effective upon signature by the President on October 27, 1986. *See* 21 U.S.C. § 960; *Beltre v. United States,* 715 F.Supp. 606, 608 (S.D.N.Y. 1989). A sentence imposed pursuant to a law in effect at the time of the offense does not violate the *ex post facto* prohibition of the Constitution. *Cf. Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).

Petitioner derives his argument from a different facet of the Act. In contemplation of the federal sentencing guidelines—which became effective November 1, 1987—the Act *explicitly* delayed the effective date of "supervised release" to commence with the guidelines. Courts construing this statutory issue have held that the delay to November 1, 1987 does not apply to other provisions of the Act, concluding "that the provisions in sections … 1302 (21 U.S.C. § 960(b)) calling for mandatory minimum sentences without the possibility of parole became effective on October 27, 1986."

*United States v. Toribio,* 727 F.Supp. 780, 783 (D.Puerto Rico 1989); *Beltre, supra,* 715 F.Supp. at 608 ("[T]he enhanced penalty provisions of the 1986 Act became effective immediately on October 27, 1986."). *See United States v. Levario,* 877 F.2d 1483, 1487 (10th Cir.1989); *United States v. Padilla,* 869 F.2d 372, 381–382 (8th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989); *United States v. Arrieta,* 855 F.2d 804, 805 (11th Cir.1988).

█ Accordingly, the five-year prison term imposed in this case pursuant to the 1986 Act is wholly proper. That leaves open, however, the issue of four years supervised release presently scheduled to follow petitioner's incarceration. As already discussed, because enabling legislation for the 1986 Act specifically made the replacement of "special parole" with "supervised release" contingent upon the effective date of the federal sentencing guidelines, courts cannot impose supervised release for offenses committed prior to November 1, 1987. It is equally clear, however, that courts look to the applicable statutes as they existed before the October 1986 reforms. If special parole terms were available under the old law, then such terms also apply to crimes committed between October 27, 1986 and November 1, 1987. *Beltre,* 715 F.Supp. at 609; *see United States v. Smith,* 840 F.2d 886, 890 n. 3 (11th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988); *United States v. Byrd,* 837 F.2d 179 (5th Cir.1988).

In this case petitioner was convicted of importing heroin. The appropriate predecessor penalty section was 21 U.S.C. § 960(b)(1). Because that section carries a mandatory special parole term of at least three years, petitioner is subject to a special parole term.

Accordingly, petitioner's term of four years supervised release is vacated. In its place, however, the Court imposes a special parole term of four years.

---

**2.** Concluding that a mandatory prison term under the statute is not unconstitutionally vague comports with precedent in this circuit. The Second Circuit has upheld the 1986 Anti-Drug Abuse Act against other similar constitutional challenges. *United States v. Collado–Gomez,* 834 F.2d 280 (2d Cir.), *cert. denied,* 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988) (due process); *United States v. Pineda,* 847 F.2d 64 (2d Cir.) (equal protection).

## CONCLUSION

The motion to vacate the sentence is granted in part and denied in part, as set forth herein.

SO ORDERED.