918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Adkins WINCHELL, Defendant-Appellant.
 No. 89-6298.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Richard Adkins Winchell, a federal prisoner, moves for the appointment of counsel on appeal from the district court's order which vacated a term of supervised release and imposed a term of special parole pursuant to a motion Winchell filed under Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Winchell entered a guilty plea to charges of conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 18 U.S.C. Sec. 2, and 21 U.S.C. Secs. 841(a) and 846 (Count 1), and aiding and abetting his codefendants to possess with the intent to distribute 500 grams or more of cocaine in violation of 18 U.S.C. Sec. 2, and 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B) (Count 2). The offenses occurred on or about January 31, 1987. Winchell was sentenced to serve seven years imprisonment on each count to run concurrently. The court further ordered that a supervised release period of four years be imposed on Count 2. Winchell then moved the district court to correct an illegal sentence pursuant to Fed.R.Crim.P. 35, on the ground that the imposition of a term of supervised release pursuant to 21 U.S.C. Sec. 841 was improper. The district court agreed and vacated Winchell's term of supervised release and imposed a term of special parole of four years instead.
 
 
 4
 Upon consideration, we find that the district court did not err when it vacated Winchell's term of supervised release and imposed a term of special parole. A term of supervised release imposed under section 841(b) for a crime committed prior to November 1, 1987, is illegal, and a special parole term must be imposed instead. See United States v. Byrd, 837 F.2d 179, 181 (5th Cir.1988). Accordingly, the motion for counsel is hereby denied and the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Grahamm, U.S. District Judge for the Southern District of Ohio, sitting by designation