Radames **MERCADO,**
Petitioner–Appellant,

v.

**UNITED STATES of America,**
Respondent–Appellee.

No. 456, Docket 89–2316.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 9, 1990.

Decided Jan. 10, 1990.

Opinion Published March 5, 1990.

Radames Mercado, Ray Brook, N.Y., appellant pro se.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., David C. James, Robert W. Biddle, Asst. U.S. Attys., E.D.N.Y., Brooklyn, N.Y., for appellee.

---

Before MESKILL and NEWMAN, Circuit Judges, and POLLACK,* District Judge.

PER CURIAM:

This is a *pro se* appeal from a judgment entered in the United States District Court for the Eastern District of New York, McLaughlin, J., granting in part and denying in part appellant's motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. Appellant raises the issue of what form, if any, of post-release supervision may be imposed as part of a sentence under 21 U.S.C. § 841(b)(1)(B).

Appellant pleaded guilty to possession of a substance containing cocaine in excess of 500 grams with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II). The district court originally sentenced him to a twelve year term of imprisonment to be followed by a ten year term of supervised release. Appellant moved pursuant to section 2255, *inter alia*, to vacate the term of supervised release. The court granted the motion to the extent that the portion of the sentence that imposed a term of supervised release was vacated and replaced with a ten year special parole term. On appeal, appellant maintains that the statute applicable to his offense at the time did not provide for any form of post-release supervision.

The confusion surrounding the type of post-release supervision, if any, that may be imposed under 21 U.S.C. § 841(b)(1)(B) stems from an apparent oversight by Congress in the drafting of the Comprehensive Crime Control Act of 1984 (1984 Act), Pub.L. No. 98–473, §§ 224(a), 502, 1984 U.S.Code Cong. & Admin. News (98 Stat.) 1987, 2030, 2068, and from questions regarding the effective dates of the repeal of the relevant special parole provisions and their replacement with provisions requiring supervised release. *See United States v. Byrd*, 837 F.2d 179, 180–81 (5th Cir.1988). Several other circuits have thoroughly reviewed the issue and have held that the imposition of a term of supervised release is not authorized for offenses under section 841(b)(1)(B) committed prior to November 1, 1987; instead, a term of special parole must be imposed. *United States v. Portillo*, 863 F.2d 25, 26 (8th Cir.1988) (per curiam); *United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988); *United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988); *Byrd*, 837 F.2d at 181–82; *see United States v. Levario*, 877 F.2d 1483, 1487–89 (10th Cir.1989) (21 U.S.C. § 841(b)(1)(A)). *But see United States v. Torres*, 880 F.2d 113, 115 (9th Cir.1989) (per curiam) (holding that supervised release provisions under 21 U.S.C. § 841(b)(1)(A) were effective as of October 27, 1986), *cert. denied*, —— U.S. ——, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). The legislative history of the 1984 Act indicates that the replacement of special parole with supervised release applies only to those offenses occurring on or after the effective date of November 1, 1987. S.Rep. No. 225, 98th Cong., 2d Sess. 189, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3372; *see Byrd*, 837 F.2d at 181. We therefore agree with the other circuits that have determined that special parole terms, rather than supervised release, must be imposed for offenses under section 841(b)(1)(B) committed before November 1, 1987.

Because appellant's offense took place prior to November 1, 1987, the district court properly replaced that portion of the original sentence imposing a term of supervised release with a special parole term.

We have reviewed appellant's other claims and find them to be without merit. The judgment of the district court is affirmed.

---

* Hon. Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.