**Dario VELEZ, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. CV 89–3408.**

United States District Court,
E.D. New York.

April 12, 1990.

---

Dario Velez, Danbury, Conn., pro se.

Andrew J. Maloney, U.S. Atty. by John Lauro, Asst. U.S. Atty., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner Dario Velez, *pro se*, moves under 28 U.S.C. § 2255 for an order correcting a sentence he claims is illegal. In a two count indictment, petitioner was charged with conspiracy to possess with intent to distribute and possession with intent to distribute cocaine. Count two, more specifically, charged petitioner with knowingly and intentionally possessing with intent to distribute a quantity of cocaine in excess of 500 grams in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(ii), as amended by the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, 100 Stat. 3207 (the 1986 Act). Upon trial, petitioner was convicted on both counts. On September 2,

1987, this Court sentenced petitioner to five years imprisonment on count one and five years imprisonment to be followed by ten years supervised release on count two. It is the term of supervised release imposed in the latter sentence that petitioner asks this Court to vacate as illegal. For the reasons below, the motion is granted.

## I.

The statutory provision under which petitioner was sentenced, § 841(b)(1)(B)(ii), at the time of the offense and now, provides that for a violation of § 841(a)(1) involving "500 grams or more of [cocaine]," the imposable sentence "shall be ... a term of *imprisonment which may not be less than 5 years*," and "shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment." 28 U.S.C. § 841(b)(1)(B)(ii). On its face, a term of supervised release is not only imposable, it's mandatory. However, the supervised release requirement was made effective only as a penalty for violations of § 841(a)(1) on or after November 1, 1987; consequently, it is well established that supervised release can not be imposed for a crime committed before November 1, 1987. *Mercado v. United States*, 898 F.2d 291, 292 (2d Cir.1990); *United States v. Whitehead*, 849 F.2d 849, 860 (4th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 534, 102 L.Ed.2d 566 (1988); *United States v. Smith*, 840 F.2d 886, 889–90 (11th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988); *United States v. Byrd*, 837 F.2d 179, 191 (5th Cir.1988); *United States v. Asencio*, CR 88–268, 1989 WL 125757, slip op. at 1–2 (S.D.N.Y. Oct. 18, 1989); *United States v. Shaukat Ali*, CR 87–736, 1989 WL 106006, slip op. at 2 (E.D.N.Y. Sept. 6, 1989); *Beltre v. United States*, 715 F.Supp. 606, 609 (S.D.N.Y. 1989). The underlying offense for which petitioner was convicted occurred between December 10, 1986 and January 12, 1987. Accordingly, as the government concedes, the term of supervised release must be vacated.

The government maintains, however, that a special parole term should be substituted for the term of supervised release, and that the Judgment and Probation/Commitment Order of September 2, 1987 should be amended accordingly. Petitioner, to the contrary, contends that neither supervised release nor special parole may be imposed. As explained below, the Court rejects the government's position and accepts petitioner's.

## II.

Prior to 1984, special parole was mandatory for offenses punishable under § 841(b)(1)(A) and (B). However, these sentencing provisions were amended by Congress in 1984 and 1986. The changes were summarized by the Fifth Circuit in *United States v. De Los Reyes*, 842 F.2d 755 (5th Cir.1988), as follows:

> On October 12, 1984, however, Congress amended section 841(b) by deleting specific, pre-existing references to special parole. Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 224(a), 1984 U.S. Code Cong. & Admin. News (98 Stat.) 1987, 2030. Initially, the Sentencing Reform Act of 1984 provided that the effective date of these deletions was to be November 1, 1986, but Congress later extended the effective date to November 1, 1987. *Byrd*, 837 F.2d at 181. Under the law in effect prior to 1984, special parole was expressly mandated for sentences imposed under subsections 841(b)(1)(A), 841(b)(1)(B), 841(b)(2), and 841(b)(5).

> Also on October 12, 1984, however, Congress further amended section 841(b), in pertinent part, by adding new subsection (b)(1)(A) and by redesignating former subsections (b)(1)(A) and (b)(1)(B) as subsections (b)(1)(B) and (b)(1)(C), respectively. Controlled Substance Penalties Amendments Act of 1984, Pub.L. No. 98–473, § 502(1), 1984 U.S. Code Cong. & Admin. News (98 Stat.) 2068. New subsection 841(b)(1)(A) pertained to certain section 841(a)(1) convictions involving substantially larger amounts of drugs than those involved in Reyes' case [less than fifty kilograms of marijuana]; it

> provided for greater prison sentences and fines, but it did not mention a special parole term. *Id.* § 502(1)(A), 1984 U.S. Code Cong. & Admin. News (98 Stat.) at 2068. Therefore, after October 12, 1984, special parole terms were mandated for sentences imposed under subsections 841(b)(1)(B), 841(b)(1)(C), and 841(b)(2) but were not authorized for sentences under subsection 841(b)(1)(A).

> These changes remained effective at least until October 27, 1986, when Congress again amended section 841(b), in relevant part, by striking subsections 841(b)(1)(A) and 841(b)(1)(B), and by redesignating subsection 841(b)(1)(C) as 841(b)(1)(D). Narcotics Penalties and Enforcement Act of 1986, Pub.L. No. 99–570, § 1001, 1986 U.S. Code Cong. & Admin. News (100 Stat.) 3207–2. Congress also enacted new subsections 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C), each of which provides for mandatory supervised release. *Id.* § 1002(2), 1986 U.S. Code Cong. & Admin. News (100 Stat.) at 3207–2 and 3207–3.

*Id.* at 757–58.

The effect of the 1984 amendments on § 841(b)(1)(A) and (B) has been further explained as follows:

> 1. Effective immediately with [the passage of the 1984 amendments], cocaine-related offenses were divided into two categories for punishment purposes:

> (a) [Pre–1984] Section 841(b)(1)(A), which had previously covered cocaine and other Schedule II controlled substances (among other narcotic drugs) and had provided for a special parole term in conjunction with every sentence imposing a term of imprisonment on charges involving cocaine, was changed so that the only cocaine transactions it now covered were those involving less than a kilogram. That changed provision was relabeled Section 841(b)(1)(B) to allow for the insertion of a new Section 841(b)(1)(A), described in the next subparagraph of this opinion.

> (b) New Section 841(b)(1)(A), which was made applicable to larger-scale Schedule II narcotics transactions (in-

cluding cocaine transactions of a kilogram or more), provided for heavier potential prison sentences. But (no doubt because of the change described in the next numbered paragraph of this opinion) that new Section 841(b)(1)(A) was left totally silent as to any special parole term.

2. Another provision of the Act, its Section 224, called for the elimination of special parole term sentences from what had now become Section 841(b)(1)(B) (as well as from some other sections of the law). But that elimination did not take effect immediately, as did the changes just discussed above. Instead the special parole term provisions were to be eliminated only at a delayed effective date (initially November 1, 1986[, and later extended to November 1, 1987,] that was made applicable to many of the Act's provisions. Thus *until* that delayed effective date, the special parole term specifically remained part of the newly-relabeled Section 841(b)(1)(B).

*United States v. Sanchez*, 687 F.Supp. 1254, 1256 (N.D.Ill.1988) (footnotes omitted) (emphasis in original).

In a footnote, the *De Los Reyes* court posed, but did not address, the issue presently before this Court:

> Given the effect of the 1986 amendments to section 841(b), is a district court authorized to impose a special parole term for a section 841(a)(1) offense, committed between October 27, 1986 and November 1, 1987, that would have fallen within the ambit of deleted subsection 841(b)(1)(A)— which did not authorize special parole— but which now falls under one of the new subsections 841(b)(1)(A), (B) or (C)— which provide for supervised release?

*De Los Reyes*, 842 F.2d at 758 n. 3. In addition, the Fifth Circuit left open the question of "whether the district court was compelled to look to the law in effect prior to the 1986 amendments, or whether it was required to simply read 'special parole' in place of 'supervised release' where the terms appear in the amended section 841(b)." *Id.*

 In response to the questions raised by the Fifth Circuit in *De Los Reyes*, this Court holds that a special parole term should not automatically be substituted for an improperly imposed term of supervised release. Instead, this Court reaches its determination by looking to the law in effect prior to the 1986 amendments. In so doing, this Court notes that in *Mercado v. United States*, 898 F.2d 291 (2d Cir.1990), *aff'g* CV 89–0659, 1989 WL 80035, slip op. (E.D.N.Y. July 13, 1989), the Second Circuit upheld a district court's decision to replace an improperly imposed term of supervised release with a special parole term where the offense would have fallen under former § 841(b)(1)(B), which, as noted above, provided for a special parole term. However, where the offense would have fallen under former § 841(b)(1)(A), which, as noted above, did not provide for a special parole term, this Court holds that a special parole term should not be substituted for a term of supervised release. *See, e.g., United States v. Asencio*, CR 88–268, 1989 WL 140339, slip op. at 1 (S.D.N.Y. Nov. 17, 1989) (no substitution where offense of possession with intent to distribute 2,855 grams of cocaine occurred on or about June 24 to June 29, 1987). *But see, e.g., Beltre*, 715 F.Supp. at 609 (substitution where offense of possession with intent to distribute two kilograms of cocaine occurred March 19, 1987, noting that "[c]ourts have ... simply corrected such sentences to substitute special parole for supervised release").

 In this case, the government maintains that petitioner's crime would have been punishable under former § 841(b)(1)(B), which provided for a special parole term, and, therefore, the term of supervised release should be replaced by a special parole term.[1] *See Mercado*, 898

---

1. In support of its position, the government reasons that

> the law prior to October 27[, 1986, the effective date of the 1986 Act,] applied a penalty scheme which provided for punishment of a

maximum of 15 years' [sic] imprisonment and a special parole term of at least three years for offenses involving unspecified amounts of cocaine (21 U.S.C. § 841(b)(1)(B) (1984)) and elevated punishment of a maximum of 20

F.2d at 292; *U.S. v. Portillo*, 863 F.2d 25, 26 (8th Cir.1988); *Shaukat Ali, supra*, slip op. at 2. The petitioner maintains, however, that the crime would have been punishable under former § 841(b)(1)(A) (one kilogram or more of cocaine), which did not provide for special parole, and that, consequently, neither supervised release nor special parole may be imposed. *See, e.g., Asencio*, CR 88–268, 1989 WL 140339, slip op. at 1 ("[A] term of special parole is improper where conduct which occurs between October 12, 1984 and November 1, 1987 gives rise to a Section 841 violation punishable under Section 841(b)(1)(A) (1984).").

Upon reviewing the record, it appears that the offense would have fallen under former § 841(b)(1)(A), since, as proved at trial, the quantity of cocaine involved was four kilograms.[2] Under these circumstances, a special parole term should not be substituted for the improperly imposed term of supervised release.

### CONCLUSION

Based on the foregoing, the Court concludes that the ten-year term of supervised release must be vacated, but no special parole term substituted in its place. Accordingly, the September 2, 1987 Judgment and Probation/Commitment Order will be amended to this extent.

SO ORDERED.

years' [sic] imprisonment but no special parole term for offenses involving amounts of a kilogram or more of cocaine (21 U.S.C. § 841(b)(1)(A)(ii) (1984)), whereas after October 27 the sentencing scheme called for elevated punishment for offenses involving 500 or more grams and provided additional enhancement for those involving five kilograms or more. Petitioner's offense involved an indictment charging an amount in excess of 500 grams, which failed to allege the kilogram quantity required for punishment under former section [sic] § 841(b)(1)(A)(ii). It therefore would have been punishable under former § 841(b)(1)(B), which, as noted above, calls for a special parole term. [Petitioner] should therefore have been sentenced to a special parole term.... Letter to the Court from AUSA Peter A. Norling, Dec. 7, 1989, at 2.

2. The Court does not agree with the government's argument that the failure to allege the specific amount of cocaine involved means that the offense, as measured under law in effect prior to 1986, would not have fallen within the one kilogram quantity requirement of former § 841(b)(1)(A). Apparently, because the amount involved fell below the five kilogram requirement of § 841(b)(1)(A)(ii) of the 1986 Act, the indictment charged under § 841(b)(1)(B)(ii) of the 1986 Act (500 grams or more of cocaine).