**Carlos CEDENO, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**No. 274, Docket 89–2264.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 12, 1989.

Decided April 13, 1990.

---

Carlos Cedeno, pro se.

Otto G. Obermaier, U.S. Atty. for S.D. N.Y., Theodore E. Chervin and Helen Gredd, Asst. U.S. Attys., New York City, N.Y., for defendant-appellee.

Before TIMBERS, PIERCE and MINER, Circuit Judges.

PER CURIAM:

Carlos Cedeno appeals from a judgment of the United States District Court for the Southern District of New York, Duffy, *J.*, denying his petition pursuant to 28 U.S.C. § 2255 to vacate his lifetime special parole term. Cedeno maintains that the Comprehensive Crime Control Act of 1984 abolished terms of special parole.

On March 10, 1987, Cedeno was arrested for distributing crack cocaine. Cedeno pleaded guilty to distributing two vials of crack in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). On July 20, 1987, the district court sentenced Cedeno to five years imprisonment to be followed by special parole for a term of life. His petition to vacate the special parole term was denied.

This circuit recently addressed the issue of what form of post-release supervision may be imposed as part of a sentence under 21 U.S.C. § 841(b)(1)(B). In *Mercado v. United States,* 898 F.2d 291 (2d Cir.1990), the petitioner argued that his special parole term should be vacated since the version of 21 U.S.C. § 841(b)(1)(B) applicable at the time of his offense did not provide for any form of post-release supervision. Following the lead of a number of other courts, this circuit concluded that "special parole terms, rather than supervised release, must be imposed for offenses under section 841(b)(1)(B) committed before November 1, 1987." *Id.,* at 292; *see, e.g., United States v. Portillo,* 863 F.2d 25, 26 (8th Cir.1988) (per curiam); *United States v. Smith,* 840 F.2d 886, 889–90 (11th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988).

We have been presented with no reasons, nor do we perceive any, to distinguish § 841(b)(1)(B) from § 841(b)(1)(C) for purposes of determining whether special parole or supervised release is authorized, and thus *Mercado* controls the disposition of this case. Since Cedeno's offense was committed before November 1, 1987, the district court properly sentenced Cedeno to a term of special parole.

Accordingly, the judgment of the district court is affirmed.