UNITED STATES of America, Appellee,

v.

James S. BLACKMER,
Defendant–Appellant.

No. 875, Docket 89–1562.

United States Court of Appeals,
Second Circuit.

Argued March 15, 1990.

Decided July 16, 1990.

Peter Goldberger, Philadelphia, Pa., for defendant-appellant.

Melissa A.D. Ranaldo, Asst. U.S. Atty. D. Vermont, Burlington, Vt. (George J. Terwilliger, III, U.S. Atty. D. Vermont, David V. Kirby, Chief, Criminal Div., District of Vermont, Burlington, Vt., of counsel), for appellee.

Before KEARSE, CARDAMONE, and MAHONEY, Circuit Judges.

PER CURIAM:

Appellant James Blackmer was arrested on September 15, 1987 by an undercover detective of the Vermont Drug Task Force to whom Blackmer was undertaking a sale of cocaine. On December 1, 1987, Blackmer entered a plea of guilty in the United States District Court for the District of Vermont, Albert W. Coffrin, *Judge,* to possession with intent to distribute of more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). The district court thereafter sentenced Blackmer, pursuant to 21 U.S.C. § 841(b)(1)(B), to a six-year term of incarceration to be followed by a four-year term of supervised release, plus the fifty-dollar assessment prescribed by 18 U.S.C. § 3013 (1988). Blackmer subsequently filed a motion pursuant to former Fed.R. Crim.P. 35(a) to vacate the portion of his sentence imposing the term of supervised release. In an order entered October 6, 1989, the district court granted the motion, but substituted a three-year term of special parole for the vacated term of supervised release.

This appeal followed. Blackmer presents the contention, recently considered by this court in *Mercado v. United States,* 898 F.2d 291 (2d Cir.1990) (per curiam), that supervised release cannot be imposed un-

der section 841(b)(1)(B) for offenses committed prior to November 1, 1987, the effective date of the amendment to that section providing for supervised release; and that the prior version of section 841(b)(1)(B) in effect on September 15, 1987, the date of Blackmer's offense, does not authorize the imposition of special parole. Accordingly, Blackmer argues, the district court lacked authority to subject him to *any* form of post-incarceration supervision or parole.

Blackmer claims, *inter alia*, that the substitution of a special parole term under former Fed.R.Crim.P. 35(a) was (1) unauthorized by law and (2) in violation of the *ex post facto* provisions of the Constitution. As to the first point, Blackmer argues that:

> by virtue of the repeal of former Rule 35(a), the district court lost its power, as previously expressed in that rule, to "correct an illegal sentence at any time." Instead, it could correct what it believed to be an illegal sentence only upon motion of the defendant under 28 U.S.C. § 2255, or, in a "new law" case, on remand after a sentencing appeal under 18 U.S.C. § 3742, as set forth in revised Rule 35(a).

This analysis is mistaken, however, because former Rule 35(a) remains applicable to offenses—such as the one at issue here—committed prior to November 1, 1987. *See* Pub.L. No. 100–182, § 22, 101 Stat. 1271 (1987). Accordingly, the district court was correct not only to entertain Blackmer's motion to vacate the supervised release portion of his sentence, but also to address the question whether special parole should be substituted in place thereof.

The district court's affirmative answer to that question complied with our recent holding in *Mercado*, 898 F.2d at 292, that "special parole terms, rather than supervised release, must be imposed for offenses under section 841(b)(1)(B) committed before November 1, 1987."

We note that the present case was instituted by Blackmer *pro se*. After the briefs were filed, we granted the motion of present counsel to be appointed to represent Blackmer under the Criminal Justice Act. Counsel thereupon submitted a reply brief, and argued ably before this Court. He declined, however, to "pursue the *ex post facto* theory advanced in [Blackmer's] opening, *pro se* brief," and we agree with counsel's suggestion that this theory is without merit.

The *ex post facto* prohibition is addressed to federal legislation pursuant to U.S. Const. art. I, § 9, cl. 3, and to state legislation pursuant to *id.* art. I, § 10, cl. 1. This prohibition is not directly applicable to judicial decisions, *see Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977); *Frank v. Mangum*, 237 U.S. 309, 344, 35 S.Ct. 582, 593, 59 L.Ed. 969 (1915), but its underlying principle is so applied by operation of the due process clauses of the fifth and fourteenth amendments. *See Marks*, 430 U.S. at 191–92, 97 S.Ct. at 992–93; *United States v. Torres*, 901 F.2d 205, 227 (2d Cir.1990). The judicial interpretation undertaken by the district court in this case, however, does not approach a due process/*ex post facto* violation.

We have considered all of Blackmer's contentions, and find them to be without merit. Accordingly, the order of the district court is affirmed.