Clifford BLACK, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 1115.
Docket No. 90–2533.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 22, 1991.

Decided April 1, 1991.

Clifford Black, pro se.

Daniel A. Nardello, New York City, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Cathy Seibel, Asst. U.S. Atty., of counsel), for respondent-appellee.

Before FEINBERG, MINER and MAHONEY, Circuit Judges.

PER CURIAM:

This is a pro se appeal from a judgment of the United States District Court for the Southern District of New York, Robert J. Ward, J., substantially denying appellant's petition to vacate his sentence pursuant to 28 U.S.C. § 2255. In December 1987, appellant pled guilty to a charge that he had distributed and possessed with intent to distribute 10 grams or more of phencyclidine (PCP) on or about July 16, 1987, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B). In February 1988, the district court sentenced appellant to an eight-year term of imprisonment, to be followed by four years of supervised release.

In December 1989, appellant filed his § 2255 petition, seeking, among other things, to vacate both his term of imprisonment and his term of supervised release. He argued that the maximum penalty the court could properly have imposed was only five years under the law in effect when the offense was committed in July 1987. By the time appellant was sentenced in February 1988, a longer prison term for his offense had been authorized by the enhanced penalty provisions of § 1002 of the Anti–Drug Abuse Act of 1986 (ADAA), which are codified at 21 U.S.C. § 841(b)(1). Although the ADAA was enacted on October 27, 1986, appellant argued that its harsher penalty provisions did not become effective until November 1, 1987, and therefore did not apply to an offense committed—as his was—several months before that date. For similar reasons, appellant

also claimed that prior to November 1, 1987 the four-year period of supervised release specified in § 1002 of the ADAA was unauthorized and that he was not subject to any form of post-release supervision. The district court denied appellant's petition, but vacated his term of supervised release and replaced it with a four-year term of special parole, relying on our decision in *Mercado v. United States*, 898 F.2d 291 (2d Cir.1990) (per curiam). For purposes of appellant's contentions on this appeal, we do not think it is necessary to discuss the differences between the two types of post-confinement supervision. Cf. *United States v. Ferryman*, 897 F.2d 584, 590 & n. 5 (1st Cir.), cert. denied, —— U.S. ——, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990).

In this court, appellant again argues that the enhanced penalty provisions of the ADAA do not apply to his offense and that he was not subject to any form of post-release supervision, whether special parole or supervised release. The issues thus raised have been the subject of much litigation in the federal courts because of the complex provisions of the Sentencing Reform Act of 1984, the Controlled Substances Penalties Amendment Act and the ADAA. However, after the district court's decision in this case, the Supreme Court handed down its opinion in *Gozlon–Peretz v. United States*, —— U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), in which the Court discussed at length the interaction of these statutes and put to rest the two principal issues raised in this appeal.

*Gozlon–Peretz* held that the enhanced penalty provisions of § 1002 went into effect as of the ADAA's date of enactment, October 27, 1986. Id. 111 S.Ct. at 847. These provisions were thus in effect when appellant committed his offense in July 1987. We therefore reject appellant's claim that he was improperly sentenced to the higher penalty authorized by that Act.

■ Appellant's claim that he was not subject to any form of post-release supervision because his offense was committed prior to November 1, 1987, must similarly fail. We had previously addressed precisely this claim in *Mercado*, and rejected it. We went on to hold, however, that a term of supervised release is not authorized for offenses under § 841(b)(1)(B) committed prior to November 1, 1987, but that a term of special parole, authorized by prior law, is the proper sanction. As already indicated, the district court here followed *Mercado* and replaced appellant's initially-imposed four-year term of supervised release with a four-year term of special parole. However, the Supreme Court in *Gozlon–Peretz* explicitly rejected that ruling in *Mercado*, which was relied on by the district court. The Court held that the supervised release provisions specified by § 1002 of the ADAA also took effect on the date of the statute's enactment, October 27, 1986. Appellant committed his offense after that date, and is thus subject to supervised release, not special parole. It follows that appellant's claim that he is not properly subject to any form of post-release supervision is without merit, but the district court's imposition of special parole must be vacated and replaced by supervised release.

Appellant has raised other claims with us but we find them to be without merit. We vacate the term of special parole, and remand the case to the district court for resentencing in accordance with this opinion. In all other respects, the judgment of the district court is affirmed.