**UNITED STATES of America,**
**Appellee,**

v.

**Jacobo FINKIELSTAIN, Defendant–**
**Appellant.**

**No. 07–5156–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 18, 2008.

Stephen Robert LaCheen, LaCheen, Dixon, Wittels & Greenberg, LLP, Philadelphia, PA, for Appellant.

Lisa A. Baroni, Assistant United States Attorney, Southern District of New York, New York, NY (Michael J. Garcia, United States Attorney, Daniel A. Braun, Assistant United States Attorney, on the brief), for Appellee.

Present: ROSEMARY S. POOLER, ROBERT D. SACK and ROBERT A. KATZMANN, Circuit judges.

## SUMMARY ORDER

Jacobo Finkielstain appeals from an order entered November 5, 2007, denying his motion for reopening and for relief pursuant to Federal Rule of Criminal Procedure 35(a) as well as an order entered December 4, 2007, denying his motion for reargument and reconsideration. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The criminal activity for which Finkielstain was convicted and sentenced in 1989 ended in September of 1987. Thus, the parties agree that the 1987 version of Rule 35(a) therefore governs the ability of Finkielstain to obtain a review and possible correction of his sentence on the grounds that it was illegal or imposed in an illegal manner. In 1987, Rule 35 allowed a court to correct an illegal sentence "at any time," but allowed 120 days after the judgment of conviction became final for correction of a sentence that was imposed in an illegal manner. Even where the sentence was illegal, former Rule 35 only gave the court discretion to modify the sentence; it did not require that the court do so. *See* Fed.R.Crim.P. 35(a) (1987) ("The court *may* correct an illegal sentence at any time ...." (emphasis added)); *see also United States v. Rivera*, 376 F.3d 86, 91–92 (2d Cir.2004) (holding that the "wide latitude" offered by former Rule 35(a) was not required by the Due Process Clause).

The standard of review for a district court's ruling on a Rule 35(a) motion is abuse of discretion. *United States v. Sambino*, 799 F.2d 16, 17 (2d Cir.1986) (per curiam); *see also United States v. Donoso*, 521 F.3d 144, 146 (2d Cir.2008) (per curiam). During the years between the sentence and the motion to correct the sentence, Finkielstain had ample opportunity to challenge the legality of his sentence. Prudential considerations fully supported the district court's exercise of its discretion not to review the sentence in light of the passage of time. *See United States v. Pivorotto*, 986 F.2d 669, 674–75 (3d Cir.1993).

To the extent Finkielstain's Rule 35(a) motion asserted that his sentence had been imposed in an illegal manner, under the Rule as in effect at the time of his sentencing, such a motion was required to be filed within 120 days after the sentence was imposed. *See* Fed.R.Crim.P. 35(a) (1987). Inasmuch as it had thus long been time-barred when brought before the district court, the court acted properly in denying it.

We therefore affirm the judgment of the district court.