United States v. Persico

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                      Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                16-2361

Carmine Persico,
         Appellant.*

- - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**           ANTHONY DIPIETRO (Gianna M. Del
                             Grippo, on the brief), White
                             Plains, NY.

_____

        *     The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

**FOR APPELLEE:**                    MATTHEW D. PODOLSKY (Michael Ferrara, on the brief), Assistant United States Attorney, for Joon H. Kim, Acting United States Attorney for the Southern District of New York.

Appeal from a final order of the United States District Court for the Southern District of New York (Duffy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the final order of the district court be **AFFIRMED**.

Carmine Persico appeals from an order entered on June 24, 2016, by the United States District Court for the Southern District of New York (Duffy, J.), denying his motion to correct his sentence pursuant to the version of Federal Rule of Criminal Procedure 35(a) that was in effect when he was sentenced thirty years ago ("Former Rule 35(a)"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 1986, the government prosecuted Persico (and several others) as the head of an organized crime "family." United States v. Salerno, 868 F. 2d 524, 528 (2d Cir. 1989). The government offered evidence at trial that Persico was the boss of the Colombo crime family and that he sat on the "Commission" that acted as a ruling body over La Cosa Nostra. After an eleven-week trial, Persico was convicted of (1) conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(d); (2) substantive RICO violations, in violation of 18 U.S.C. § 1962(c); (3) conspiracy to commit extortion and twelve counts of extortion or attempted extortion, in violation of 18 U.S.C. § 1951(a); and (4) aiding and abetting six labor bribery violations of 18 U.S.C. §§ 2 and 186(b)(1). Salerno, 868 F.2d at 527. United States District Judge Richard Owen sentenced Persico to a total of 100 years of imprisonment.

Persico's direct appeal argued (among other things) that the sentence was overly severe, that the evidence was insufficient, that Persico's prosecution violated the Double Jeopardy Clause, that the jury should have been sequestered,

and that the government violated its obligations under <u>Brady</u> <u>v. Maryland</u>, 373 U.S. 83 (1963).  This court rejected his arguments and affirmed his conviction and sentence.  <u>Salerno</u>, 868 F. 2d at 528.

Persico moved to vacate his conviction pursuant to 18 U.S.C. § 2255.  Judge Owen denied that motion in 1991, and this court affirmed the denial.  <u>United States v. Salerno</u>, 964 F.2d 172, 180 (2d Cir. 1992).

More than two decades later, Persico has filed the present motion under Former Rule 35(a).  Because Persico committed his offenses prior to November 1, 1987, Former Rule 35(a) applies. <u>United States v. Blackmer</u>, 909 F.2d 66, 67 (2d Cir. 1990) (per curiam), <u>vacated on other grounds</u>, 499 U.S. 944 (1991).  That rule provided that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within" 120 days after the sentence is imposed or after other triggering events that signify the end of the appeal process.  Fed. R. Crim. P. 35 (1985).

Persico argues that his sentence was illegal because it is substantively unreasonable, violates due process by reliance on factual inaccuracies, and is unlawful as a result of <u>Brady</u> violations.  United States District Judge Kevin Duffy (to whom the case was reassigned after the motion was filed) observed that sentence modification under Former Rule 35(a) is discretionary, and exercised his discretion to deny the motion. He nevertheless addressed the merits of Persico's arguments "for the sake of completeness," App. 12, and rejected them all.

Our review of the denial of a motion under Former Rule 35(a) "is limited to the question of abuse of discretion." <u>United</u> <u>States v. Sambino</u>, 799 F.2d 16, 16 (2d Cir. 1985) (per curiam). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." <u>In re</u> <u>Sims</u>, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alterations and citations omitted).

"[T]he wide latitude provided in the older versions of Rule 35 for a sentence correction . . . was not required by the Due

3

Process Clause.  A defendant has no due process right to continue to challenge his conviction in perpetuity." United States v. Rivera, 376 F.3d 86, 91–92 (2d Cir. 2004).  "[T]he use of the word 'may' in the rule indicates that courts are free to apply reasonable and prudential limitations on the correction of illegal sentences." United States v. Woods, 986 F.2d 669, 675 (3d Cir. 1993).  Persico offers no basis to disturb the district court's decision, which is easily located within the range of permissible decisions, especially in light of the fact that Persico was convicted and sentenced approximately thirty years ago and has already had the opportunity to raise challenges on direct appeal and collaterally under § 2255.

Moreover, to the extent that Persico's arguments are directed at decisions that were made as part of his trial or earlier, we observe that "a motion under [Former] Rule 35 can only be used to correct an illegal sentence, and not to correct trial errors or errors in other pre-sentencing proceedings." United States v. Schiff, 876 F.2d 272, 274 (2d Cir. 1989).  The Supreme Court has construed "illegal sentence" narrowly when interpreting Former Rule 35, see Hill v. United States, 368 U.S. 424, 430 & n.8 (1962), and the former rule is not "a vehicle to reopen final judgments long since past ripe for review," Woods, 986 F.2d at 675 (quotation marks omitted).  It does not provide a means to raise arguments that are substantially similar to those Persico more appropriately raised in earlier stages of this case.  We find no error, let alone abuse of discretion, in the district court's decision.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the order of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK

4