18-230-cr
*United States v. Reiter*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand nineteen.

PRESENT:    PIERRE N. LEVAL,
                JOSÉ A. CABRANES,
                BARRINGTON D. PARKER,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

            *Appellee,*                  18-230-cr

            v.

MARK REITER,

            *Defendant-Appellant,*

JAMES JACKSON, EUGENE ROMERO, LEONARD ROLLACK, ANTHONY OSBOURNE, J.R. THOMPSON, ANTHONY MACKENZIE, JEROME HARRIS, JOSEPH RODNEY STOKES, JOSEPH SHERMAN, MATTHEW WALTON, TED H. KEY, MARCO WYCHE, TIMOTHY SMITH, AL DICKS, WARREN COOPER, SHERMAN FLOWERS, ANTHONY JOHNSON, MARGIE GATES, RUSSELL FLEMING, CHERIE BROWN, JOSEPH BETHEA, SHARON MILLER, ANGELO RUGGIERO, VITO LOIACONO, RAYMOND CLARK,

            *Defendants.*

---

1

FOR APPELLEE:                                  Timothy V. Capozzi and Karl Metzner, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:                        Mark Reiter, *pro se*, Minersville, PA.

Appeal from a January 9, 2018 order of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Mark Reiter ("Reiter"), incarcerated and *pro se*, appeals from a January 9, 2018 order of the District Court denying his motion to correct his sentence pursuant to the version of the Federal Rule of Criminal Procedure 35(a) that was in effect when he was sentenced.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Reiter was convicted in 1988 of racketeering, racketeering conspiracy, operating a continuing criminal enterprise, distribution of heroin, using a telephone to facilitate heroin distribution, and conspiring to defraud the Internal Revenue Service. He was sentenced to two life terms of imprisonment plus sixty years. In 2016, Reiter filed a motion under Former Rule 35(a) to set aside his life sentence under Count Five for distribution and possession with intent to distribute more than 100 grams of heroin. He argued that because the sentencing court failed to make a finding that his heroin distribution involved more than 100 grams of heroin (as required under 21 U.S.C. § 841(b)(1)(B)), he should have been sentenced under § 841(b)(1)(C), which carries a maximum sentence of thirty years for those with a prior felony drug conviction.

The District Court rejected Reiter's arguments. It held that no explicit findings were required since Reiter was sentenced prior to the promulgation of the Sentencing Guidelines and the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The District Court further held that even if such factual findings had been required, the court's statements during sentencing were

---

[1] Reiter committed his offenses before November 1, 1987. Therefore, the 1985 version of Federal Rule of Criminal Procedure 35 applies. *United States v. Blackmer*, 909 F.2d 66, 67 (2d Cir. 1990), *vacated on other grounds*, 499 U.S. 944 (1991). Former Rule 35(a) provides in relevant part: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35(a) (1985).

"tantamount" to expressly finding that Reiter had distributed far more than the 100 grams of heroin required to support a life sentence under § 841(b)(1)(B). Finally, the District Court held that even if Reiter's sentence on Count Five was illegal, it would decline to exercise its discretion under Former Rule 35(a) to modify the sentence. The District Court explained that Reiter had provided no compelling reason for waiting almost 29 years to file his Former Rule 35(a) motion and that his conviction of three predicate acts of murder counseled against reopening the judgment and resentencing.

On appeal, Reiter argues that the District Court abused its discretion by declining to correct his sentence. In so arguing, he proffers similar arguments to those made below.

It is "well established" that Former Rule 35(a) "can only be used to correct an illegal sentence, and not to correct trial errors or errors in other pre-sentencing proceedings." *United States v. Schiff*, 876 F.2d 272, 274 (2d Cir. 1989). A sentence is "illegal" under Former Rule 35(a) if: (1) it exceeds the term prescribed by the relevant statute; (2) the defendant was sentenced to multiple terms for the same offense; or (3) the sentence's terms were legally or constitutionally invalid. *See Hill v. United States*, 368 U.S. 424, 430 & n.9 (1962); *see also United States v. Lika*, 344 F.3d 150, 153 (2d Cir. 2003) (holding that sentences subject to correction are "those that the judgment of conviction did not authorize" (internal quotation marks omitted)).

A district court's ruling on a Rule 35 motion is reviewed for abuse of discretion. *United States v. Sambino*, 799 F.2d 16, 17 (2d Cir. 1985). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Rowland*, 826 F.3d 100, 114 (2d Cir. 2016) (internal quotation marks omitted).

We have previously affirmed a district court's decision not to exercise discretion under Former Rule 35(a) in similar circumstances. *See United States v. Persico*, 688 F. App'x 58, 60 (2d Cir. 2017) (summary order) (affirming district court's denial of a motion under Former Rule 35(a) where defendant waited approximately thirty years after sentencing to file his motion and where the defendant had ample opportunity to raise challenges on direct and collateral appeal); *United States v. Finkielstain*, 293 F. App'x 62, 63 (2d Cir. 2008) (summary order) (concluding that the defendant had "ample opportunity to challenge the legality of his sentence" and that "[p]rudential considerations fully supported the district court's exercise of its discretion not to review the sentence in light of the passage of time.").

Here, Reiter waited almost 29 years after sentencing, and 16 years after the Supreme Court's ruling in *Apprendi*, to challenge his sentence under Former Rule 35(a). He has offered no reason for the delayed filing. Moreover, many of the arguments raised in Reiter's Rule 35(a) motion were previously raised in post-judgment motions and rejected. Finally, the interest in finality further

3

supports the District Court's denial of Reiter's motion. *See United States v. Rivera*, 376 F.3d 86, 91-92 (2d Cir. 2004) ("[T]he wide latitude provided in the older versions of Rule 35 for a sentence correction 'at anytime' was not required by the Due Process Clause. A defendant has no due process right to continue to challenge his conviction in perpetuity."); *see also Herrera v. Collins*, 506 U.S. 390, 426 (1993) (O'Connor, J., concurring) ("At some point in time, the State's interest in finality must outweigh the prisoner's interest in yet another round of litigation."). We find no error, much less abuse of discretion, in the District Court's decision.

## CONCLUSION

We have reviewed all of the arguments raised by Reiter on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 9, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4